UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY PEARSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-522 JMB |
| MYRON WOODSON, et al., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Terry Pearson (registration no. 1013512), an inmate at Boonville Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.61. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $123.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.61.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at Boonville Correctional Center brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Northeast Correctional Center ("NECC") in Moberly, Missouri. Plaintiff names the following individuals as defendants in this action: Myron Woodson (Correctional Officer, NECC); Chantay Godert (Warden, NECC); Ryan Crews (Deputy Director, Missouri Department of Corrections

("MDOC")); Unknown Male Corrections Officer. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff claims that on July 31, 2017, he was escorted to the restroom by Correctional Officer Woodson during a "major shakedown" at NECC. He states that after using the restroom he was asked by Officer Woodson to undress for a strip search, and that he complied. Plaintiff alleges that after he was naked, he remained standing on his shower shoes, but Woodson asked for the shoes. Plaintiff states that he asked Woodson if he was going to have to stand on the dirty bathroom floor with his bare feet and Woodson placed his hand on his mace and stated, "That wasn't a question." Plaintiff purportedly handed his shower shoes to Woodson and finished complying with the strip search.

However, plaintiff states that during the "squat and cough," there were "sexual overtones" to the search, and plaintiff asked for Correctional Officer Woodson's name because the search had made plaintiff uncomfortable. Woodson, who had his name tag covered, allegedly replied something unintelligible. As plaintiff was putting on his socks, he purportedly said, "I'm sorry, I didn't hear you." According to plaintiff, defendant Woodson then stated, "F-this," and he grabbed his mace and started spraying it in plaintiff Pearson's face.

Plaintiff claims at that point that both Woodson and an Unknown Male Corrections Officer began striking plaintiff, and then slammed him into the sink and into the ground. Plaintiff asserts that he did not attempt to fight back. Plaintiff was then cuffed and taken to a holding area, where he was handcuffed to a bench, by his hands and ankles, for two hours. Plaintiff claims that he was not allowed to see any medical personnel, nor was he allowed to wash off the mace from his face or eyes. Rather, he was given a conduct violation almost immediately after the incident instead.

Plaintiff asserts that it wasn't until three (3) days later that he was taken to medical and told that he had fractured ribs as a result of the incident. He claims that he filed grievances related to the incident but that Warden Godert, as well as Ryan Crews, denied his grievances relating to the incident.

**Discussion**

After reviewing plaintiff's allegations the Court will issue process on plaintiff's individual capacity claims for excessive force, brought pursuant to the Eighth Amendment, against defendant Myron Woodson.[1] Although it appears that there was a second assailant, defendant "Unknown Male Corrections Officer," the Court does not have enough information about this defendant to issue process on him at this time. Therefore, he will be dismissed from this action, without prejudice, with leave for plaintiff to amend his pleading to add this defendant by name within the next ninety (90) days if plaintiff is able to do so.[2]

Plaintiff's allegations against the remaining defendants, however, are subject to dismissal. He asserts that Warden Godert and Ryan Crews denied his attempts to settle the matter through the grievance process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also*

---

[1] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* As a result, plaintiff's official capacity claims fail to state a claim upon which relief can be granted.

[2] In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States,* 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985). At this time, plaintiff has not presented enough information to identify this John Doe party.

*Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Godert and Crews were directly involved in or personally responsible for the alleged violations of his constitutional rights. See *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). As a result, these individuals are subject to dismissal in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $24.61 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Myron Woodson in his individual capacity. Defendant

Woodson, a Missouri Department of Corrections employee, shall be served through the waiver agreement this Court maintains with the Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Myron Woodson shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against Myron Woodson in his official capacity are subject to dismissal as these claims fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Chantay Godert, Ryan Crews and Unknown Male Corrections Officer because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff has ninety (90) days to amend his pleading to add the specific identity of Unknown Male Corrections Officer.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of April, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE