UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY PEARSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18-CV-522 JMB |
| MYRON WOODSON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's request for discovery in this matter. Plaintiff requests "the name of the unknown male corrections officer involved in the incident alleged" in this action. He also requests service of process on this officer. The Court will deny his requests at this time.

Discovery requests are not to be filed with the Court, but should instead be submitted between the parties. *See* Local Rule 26-3.02. Thus, to the extent plaintiff seeks discovery from defendant Woodson, he should make such requests to defendant Woodson and in compliance with Federal Rules of Civil Procedure 26, 33 and 34. Requests for interrogatories, pursuant to Rule 33, can only be made on parties; however, non-parties can be served with requests for subpoenas pursuant to Fed.R.Civ.P.34.

To the extent that the **parties** have a discovery dispute, they are expected to confer in person or by telephone with one another in order to resolve such disputes. *See* Local Rule 37-3.04. If they are unable to reach an accord, only then can a party file a motion with the Court relating to the dispute. However, a motion to compel discovery must include specific information about the date, time and manner of the good faith conference and state, with specificity, the efforts made to resolve such dispute. *Id.*

The Court has reviewed the information in defendant Woodson's response to plaintiff's motion for discovery and found that defendant has identified one of the men on duty with Mr. Woodson during the time in question in this lawsuit – Mr. Brice Simmons. Defense counsel has not identified where Mr. Brice Simmons regularly works or how plaintiff should get in contact with Mr. Simmons.

It appears, from the exhibits attached to Mr. Woodson's response brief, that there is at least one other officer in the pictures provided by Mr. Woodson to the Court and plaintiff. Mr. Woodson has stated in his response brief that he is unaware of the third correctional officer's name and identifying information. However, counsel for Mr. Woodson has indicated that defendant will likely file a motion for summary judgment at some point in the future. Presumably, defendant Woodson will use some of the documentary evidence from the video stills attached to his response brief.

The Court will remind defendant Woodson that to the extent he seeks to use evidence in his dispositive motion that he has failed to turn over in discovery, pursuant to Fed.R.Civ.P.26 or 34, and that has in fact been asked for and is discoverable, such evidence may or may not be available for his own use as exhibits to a dispositive motion. *See* Fed.R.Civ.P.37. Both parties should take care to act in compliance with the Federal and Local Rules, as well as this Court's Case Management Order.

In conclusion, as there is no identifying information available to effectuate service on another defendant at this time, the Court will deny plaintiff's motion relating to discovery and service of an "unknown male officer," without prejudice. The Court will simultaneously enter a Case Management Order in this action herewith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for discovery and service of an unknown male officer [Doc. #15] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will enter a Case Management Order simultaneously herewith.

Dated this 13th day of June, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE